# In the United States Court of Federal Claims

No. 25-1470
Filed: September 11, 2025
NOT FOR PUBLICATION

| |
|---|
| **TONY LAMAR CARD,** |
| *Plaintiff,* |
| v. |
| **UNITED STATES,** |
| *Defendant.* |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Tony Lamar Card, proceeding *pro se*, filed this action on September 3, 2025. The complaint does not identify a valid basis for Tucker Act jurisdiction and must be dismissed pursuant to Rules 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC").[1]

Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Before considering the merits of a plaintiff's claims, a court must first determine that it has jurisdiction to hear the case. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019) (holding a court has a responsibility to ensure that it has jurisdiction over any claims asserted). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis for that action." *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006); *see also St. Bernard Parish Gov't*, 916 F.3d at 992-93 (a "court must address jurisdictional issues, even *sua sponte*, whenever those issues come to the court's attention, whether raised by a party or not, and even if the parties affirmatively urge the court to exercise jurisdiction over the case" (citing *Foster v. Chatman*, 136 S. Ct. 1737, 1745 (2016))).

The plaintiff is proceeding *pro se*. As a result, his pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Giving a *pro se* litigant's pleadings a liberal construction does not divest the *pro se* plaintiff of the responsibility of demonstrating that the complaint satisfies the

---

[1] The plaintiff also filed a motion for leave to proceed *in forma pauperis*. That motion is incomplete. Nonetheless, from the face of that motion, it appears that the plaintiff meets the standard for proceeding *in forma pauperis*. Accordingly, for the limited purpose of dismissing this action, the motion for leave to proceed *in forma pauperis* is **GRANTED.**

jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Liberally constructing the plaintiff's complaint, it appears the plaintiff is seeking monetary damages arising from his arrest for a warrant for civil contempt, alleged violations of due process arising from that arrest, and the seizure of his phone and keys which were taken and held by law enforcement officers.[2]

The complaint alleges that unspecified law enforcement officers falsely arrested the plaintiff based on a warrant for civil contempt. According to the plaintiff, during the arrest the officers confiscated the plaintiff's phone and keys. The plaintiff alleges that he was held for at least eight days and was unable to see a judge. On the eighth day, the plaintiff received a phone call from a public defender and was released thereafter. Six weeks after being released, the police returned the plaintiff's keys but not his phone, which has still not been returned.

Treating the plaintiff's allegations as true, *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011), none falls within the limited jurisdiction of the Court of Federal Claims.

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Supreme Court has interpreted the Tucker Act to waive the sovereign immunity of the federal government to allow jurisdiction in the Court of Federal Claims if a claim is: "(1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the [United States], or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained," unless arising from a tort. *Curie v. United States*, 163 Fed. Cl. 791, 799 (2022) (citing *inter alia United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009)). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim

---

[2] The plaintiff's complaint also alleges that multiple Freedom of Information Act ("FOIA") requests have been improperly denied. The plaintiff, however, does not allege that these requests were made to federal agencies. Even if his FOIA requests were to federal, not state or local, agencies, any claim under FOIA must be filed in federal district court, not the Court of Federal Claims. 5 U.S.C. § 552(a)(4)(B).

must be one for money damages against the United States . . . ." *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941) (holding that a suit in this court must be one brought for money judgments against the United States). Notably, the Tucker Act does not provide jurisdiction over claims against any party other than the federal government. 28 U.S.C. § 1491(a)(1).

To invoke the limited jurisdiction of the Court of Federal Claims for a violation of a statutory, regulatory, or constitutional provision, that provision must be money-mandating, meaning it "'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *United States v. Testan*, 424 U.S. 392, 400 (1976) (quoting *Eastport S. S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)). This money-mandating source of law must be distinct from the Tucker Act itself. *Navajo Nation*, 556 U.S. at 290.

The Court of Federal Claims only has jurisdiction over claims where the defendant is the federal government. 28 U.S.C. § 1491(a)(1); *Sherwood*, 312 U.S. at 588. For the federal government to be the defendant, the "complaint must not only name the United States as the defendant, but its allegations also must implicate the United States." *Hankins v. United States*, No. 21-2138 C, 2022 WL 128839, at *4 (Fed. Cl. Jan. 14, 2022) (citing *May Co. v. United States*, 38 Fed. Cl. 414, 416 (1997)). Although the plaintiff names the United States as the defendant, the plaintiff's complaint fails to implicate the United States. Instead, the complaint only alleges that his rights were violated by "cops," "the jail," and possibly a public defender. None of the claims implicate the United States. Typically, these actors would be local or state officials. Therefore, the plaintiff's claims are not against the federal government and his complaint must be dismissed for lack of jurisdiction.

Even if the United States was the proper defendant in this case, the plaintiff's complaint can only fall within the court's jurisdiction if it pleads a claim based on a federal statutory, regulatory, or constitutional provision that mandates compensation and does not sound in tort. All three of the Plaintiff's claims fall outside the jurisdiction of the Court of Federal Claims.

First, the claim of false arrest is not within the court's jurisdiction because it is a tort claim. *Dillard v. United States*, No. 14-1203C, 2015 WL 739944, at *3 (Fed. Cl. Feb. 20, 2015) ("[C]laims of false arrest, malicious prosecution, [and] physical injury . . . are tort claims") (alterations in original) (quoting *Dumonde v. United States*, 87 Fed. Cl. 651, 653 (2009)).

Second, the Court of Federal Claims has no jurisdiction over claims for due process violations. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Therefore, the plaintiff's allegation that he was held in jail, unable to see a judge for eight days, in violation of due process is beyond the scope of the court's limited jurisdiction.

Third, construing the allegations over the seizure of his keys and phone as a claim for a violation of the fourth amendment, the Court of Federal Claims has no jurisdiction over these claims wither. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over a such a violation"). Likewise, the Court of Federal Claims does not

have any jurisdiction over allegations of criminal activity like theft. *See, e.g., Johnson v. United States*, 411 F. App'x 303, 304-05 (Fed. Cir. 2010).

For the foregoing reasons, the complaint fails to allege any claim within the jurisdiction of the Court of Federal Claims.

Before dismissing a complaint for lack of jurisdiction, 28 U.S.C. § 1631 requires the court to consider whether to transfer the case to a federal court that could properly exercise jurisdiction. Because the plaintiff has a vexatious-litigant bar entered against him in the Western District of Washington, arising from 22 suits in that district dismissed as or found to be frivolous, transfer to that district, within which the plaintiff resides, is not in the interest of justice and is not appropriate.

Even construed liberally, the plaintiff's complaint does not, on its face, plead any claim over which the Court of Federal Claims can exercise jurisdiction. Accordingly, the complaint must be **DISMISSED** without prejudice pursuant to Rule 12(b)(1) and Rule 12(h)(3) of the Rules of the Court of Federal Claims. The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this decision would not be taken in good faith.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**